# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CARMEN BORRAS-MARIN                    *
                                        *
        Plaintiff                       *
                                        *       **Civil No. 97-1863(SEC)**
        v.                              *
                                        *
SEDGWICK JAMES OF PUERTO RICO,          *
INC.                                    *
                                        *
        Defendant                       *
**************************************

## ORDER ON RECONSIDERATION

Pending adjudication before the Court is Plaintiff's motion for reconsideration, **(Docket # 41),** from this Court's Opinion and Order and Summary Judgment entered on May 10, 2000. (Dockets ## 39-40).  Attached to Plaintiff's motion for reconsideration is a "Supplementary Affidavit" signed by the Plaintiff, along with five memorandums she sent to her employer prior to her dismissal, whereby she objected to each of her employer's reprimands and warnings regarding her alleged lateness and unexcused absences from work.  None of these documents were part of the record when the Court issued summary judgment.  Instead, they were filed to lend support to Plaintiff's motion for reconsideration.  The Defendant opposed these belated filings arguing that the that Plaintiff "has not demonstrated why this new evidence could not have been timely provided with the summary judgment materials," (Docket # 44 at 4) (quoting Ayala-Gerena v. Bristol-Meyers Squibb Co., 95 F.3d 86, 96 n. 6 (1st Cir. 1996)), and reminding the Court that "motions for summary judgment must be decided on the record as it stands, not on a litigant's visions of what the facts might some day reveal." (Id.) (Quoting Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581



(1st Cir. 1994). Based on the legal grounds expressed below, Plaintiff's motion for reconsideration, **(Docket # 41)**, is **DENIED**.

**Applicable Law**

Motions for reconsideration, if they are filed within ten days of the entry of judgment are considered as motions to alter or amend a judgment under Fed.R.Civ.P. 59(e). Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (1995) (citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350 (5th Cir 1993)). Fed.R.Civ.P. 59(e) has been interpreted numerous times to "aim[] at reconsideration, not initial consideration." FDIC v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citations and internal quotations omitted). It permits a party to direct a district court's attention to newly discovered material evidence or a manifest error of law or fact, enabling it to correct its own errors, and thus avoid unnecessary appellate procedures. Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). However, "the rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Id. (citations omitted); Hayden v. Grayson, 134 F.3d 449, 455 n. 9 (1st Cir. 1998) (quoting Aybar, supra). Thus it has been said that "[u]nlike Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence, withholds potentially relevant information, allows his opponent to configure the summary judgment record, and acquiesces in a particular choice of law does so at his peril." Vasapolli v. Rostoff, 39 F.3d 27, 36-37 (1st Cir. 1994); see also Gerena v. Bristol Meyers Squibb Co. 95 F.3d 86, 96 n. 6 (1st Cir. 1996) (declining to consider appellants' sworn statements submitted with a motion for reconsideration because "[n]ot only were they not part of the original summary judgment materials, but appellants have not demonstrated why this new

evidence could not have ben timely provided with the summary judgment materials.") <u>Hayes v. Douglas Dynamics, Inc.</u>, 8 F.3d 88, 90 n. 3 (1st Cir.1993) (affirming denial of relief under Rule 59(e) where the information on which the movant relied was neither unknown nor unavailable when the opposition to summary judgment was filed), <u>cert. denied</u>, 511 U.S. 1126, 114 S.Ct. 2133, 128 L.Ed.2d 863 (1994); <u>Fragoso v. López</u>, 991 F.2d 878, 887-88 (1st Cir. 1993) (explaining that the district court is justified in denying a Rule 59(e) motion that relies on previously undisclosed facts when the movant knew of the facts, yet, without a good excuse, failed to proffer them in a timely manner); <u>FDIC v. World Univ. Inc.</u>, 978 F.2d 10, 16 (1st Cir.1992) (holding that the district court has discretion to deny a Rule 59(e) motion that rests on grounds "which could, and should, have been [advanced] before judgment issued") (citation omitted).

Plaintiff's post-judgment evidence, submitted on reconsideration, was available to her prior to the entry of summary judgment. In fact, she admitted that she voluntarily chose not to file it because she believed that the warnings received from Mr. Chevres were in direct response to her disability and that she did not think it necessary to include them in her first sworn statement. (Docket # 41, Exh. 1). However, by doing that, she allowed Defendant's asserted reasons for her discharge to stand uncontradicted on the record, and that was one of the factors considered by the Court when it granted summary judgment. In fact, this Court's grant of summary judgment was grounded on the finding that under the <u>McDonnel Douglas</u> burden-shifting scheme the Plaintiff failed to produce evidence to contradict Defendant's asserted reasons for her discharge, and thus show that those reasons were pretextual and that the real reason was discriminatory. Accordingly, Plaintiff's motion for reconsideration, **(Docket # 41)**, is **DENIED**.

**SO ORDERED.**

Civil No. 97-1863(SEC)                                                          4

In San Juan, Puerto Rico, this _19_ day of January, 2001.

SALVADOR E. CASELLAS
United States District Judge